UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DANA DOWELL and LYNN DOWELL                                    PLAINTIFFS

      AND

AMERISURE MUTUAL
INSURANCE COMPANY                                    INTERVENING PLAINTIFF

v.                                    CIVIL ACTION NO. 3:12-CV-00601-CRS

UNITED STATES OF AMERICA                                    DEFENDANT


**MEMORANDUM OPINION**

    Defendant United States moves to dismiss under Fed. R. Civ. P. 12(b)(1) Plaintiffs Dana

Dowell, Lynn Dowell, and Amerisure Mutual Insurance Company's claims.[1] This motion turns

on whether the so-called discretionary function exception applies to Plaintiffs' claims under the

Federal Tort Claims Act ("FTCA"). For the reasons stated below, the Court finds that the

exception applies and will grant the United States' motion.


**Background**

    On March 23, 2009, Dana Dowell, a Lusk Mechanical Contractors ("Lusk") maintenance

employee, operated a forklift on a stretch of Brandenburg Station Road's gravel shoulder located

on the Fort Knox military installation. The federal government built Brandenburg Station Road

in the 1940s and no new construction or reconstruction – other than resurfacing – has occurred

since then. While Mr. Dowell operated the machinery, the forklift tumbled off the gravel

---

[1] The United States stylizes its filing as a motion for summary judgment. However, the motion states the Fed. R. Civ. P. 12(b)(1) standard, which allows for factual analysis in cases such as this, as well as the Fed. R. Civ. P. 56(c) summary judgment standard. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Both parties analyze the motion under the Rule 12(b)(1) standard and do not provide analysis under the Fed. R. Civ. P. 56(c) standard. The Court will construe the United States to move to dismiss under Rule 12(b)(1).

shoulder and down the adjacent incline. There were no guardrails or other warning devices on this stretch of road.

The Plaintiffs filed suit under the FTCA claiming that the United States should have installed a guardrail or warning device at the area of the accident.

## Discussion

Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally come in two varieties. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on jurisdiction questions the pleading's sufficiency. On the other hand, a factual attack, as here, occurs when the defendant challenges the factual existence of subject matter jurisdiction. In this variety, no presumptive truthfulness applies to the complaint's factual allegations. The court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *See id.* (citing *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

Sovereign immunity generally bars claims against the United States without its explicit consent. *See Kohl v. United States*, 699 F.3d 935, 939 (6th Cir. 2012); *United States v. Orleans*, 425 U.S. 807, 814 (1976). Under the FTCA, Congress waived the United States' sovereign immunity in limited circumstances by giving district courts jurisdiction over certain tort actions brought against the federal government. 28 U.S.C. § 1346(b). Congress, however, excluded from this waiver "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). If a matter falls within this discretionary function exception, the court lacks subject matter jurisdiction and

the claim must be dismissed. *See Kohl*, 699 F.3d at 940; *Rosebush v. United States*, 119 F.3d 438, 440 (6th Cir. 1997).

The Court applies a two part test in determining whether a particular claim falls under the discretionary function exception. *See United States v. Gaubert*, 499 U.S. 315, 322–25 (1991); *see also Kohl*, 699 F.3d at 940. The first prong requires the Court to determine whether the challenged act or omission violated a mandatory regulation or policy that allowed no judgment or choice. *Gaubert*, 499 U.S. at 323 – 24; *Kohl*, 699 F.3d at 940. "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation or policy specifically prescribes a course of action for an employee to follow,' because 'the employee had no rightful option but to adhere to the directive.'" *Gaubert*, 499 U.S. at 323 – 24 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536, (1988)).

"[I]t is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 813 (1984). "A discretionary act is one that involves choice or judgment; there is nothing in that description that refers exclusively to policymaking or planning functions." *Gaubert*, 499 U.S. at 325. "When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion.'" *Kohl*, 699 F.3d at 940 (quoting *Gaubert*, 499 U.S. at 324).

If the Court determines that the challenged conduct is discretionary, the Court then determines whether the conduct is "of the kind that the discretionary function exception was designed to shield." *Gaubert*, 499 U.S. at 322 – 23. "Because the purpose of the exception is to

3

prevent judicial second guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort ... the exception protects only governmental actions based on considerations of public policy." *Id*. at 323 (citation omitted). "[W]hen a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," judgment or choice is absent because "the employee has no rightful option but to adhere to the directive." *Berkovitz*, 486 U.S. at 536.

1. Whether the claim concerns a mandatory regulation or policy

The Court finds that whether the United States installed a guardrail or warning device at the relevant area is discretionary in nature. Plaintiffs argue that the failure to place either safety structure violated the mandatory policy of Army Regulation ("AR") 420-1 and US Army Corps of Engineers EM 110-3-130. However, none of the regulations Plaintiffs cited require installation of these devices.

Plaintiffs argue that various sections of AR 420-1 are mandatory. For example, AR 420-1 Section 7-19 states that "Roadside obstacles or high embankments will be evaluated for safety. Roads with substandard geometric design will have an engineering analysis performed to determine the need for correction…." This section does not mandate that the United States place a guardrail or warning device in the relevant area. Plaintiffs make a logically unsupported leap that if this analysis occurred, guardrails or warning devices would have been required. Indeed, even if there was an evaluation, this section would still allow discretion in determining whether to introduce a safety device and does not require any further action.

Similarly, Plaintiffs cite AR 420-1 Section 7-12(e), which states that "[v]ehicular traffic signs, signals, pavement markings, and delineators will be inspected at least twice per year to

ensure conformance with the Army IDS and the latest edition of the [Manual on Uniform Traffic Control Devices] MUTCD  ….” As there were no signs, markings, or delineators in the subject area, this section is inapplicable to this case.

Plaintiffs also argue that AR 420-7-17 requires compliance with MUTCD. However, the MUTCD section Plaintiffs assert that required the United States’ action states that “The decision to use a particular device at a particular location should be made on the basis of either an engineering study *or the application of engineering judgment*.” Section 1A.09 (emphasis added); *see also* MUTCD Section 2C.02. As a decision may be based on “engineering judgment,” using a particular safety device is not mandatory, but rather based on an actor’s discretion. Likewise, MUTCD Sections 3C.01 – 03 concerning object marker design and placement contain no requirement for placing a safety device in the relevant area.

Plaintiffs argue that AR 420-1 Section 7-16(c) would also require the United States to place a guardrail or warning device in the subject area. That Section states: “Materials and specifications used in the performance of maintenance, repair and minor construction work will conform to the applicable Federal, military, State, American Association of State Highway and Transportation officials (AASHTO) … and other recognized … industry and technical society specifications.” AR 420-1 Section 7-16(c). This case does not involve “[m]aterials and specifications used in the performance of maintenance, repair and minor construction work.” AR 420-1 Section 7-16(c). Plaintiffs also argue that US Army Corps of Engineers EM 110-3-130 require compliance with AASHTO. Regardless, AASHTO leaves whether to install guardrails or warning devices to engineers’ discretion. *See* AASHTO Roadside Design Guide, ECF No. 74-10.

Absent a mandatory regulation or policy, whether to use a guardrail or similar safety device was a discretionary choice.

2. Whether the discretionary function exception was designed to shield the underlying conduct

The Court also finds the discretionary function exception was designed to shield the underlying conduct and is the product of a decision susceptible to policy analysis. There is a line between conduct "of the kind that the discretionary function exception was designed to shield," *Berkovitz*, 486 U.S. at 536, and common, unremarkable torts that are only tangentially related to a government program. *See Kohl*, 699 F.3d at 943. This latter conduct is not sufficiently "grounded in regulatory policy" to shield the United States from liability. *Id.* "Where an act 'cannot be said to be based on the purposes that the regulatory regime seeks to accomplish,' the discretionary-function exception will not apply." *Id.* (quoting *Gaubert*, 499 U.S. at 325 n.7).

Plaintiffs argue that the conduct here was the result of mere inaction similar to a previous case in this Court – *Brown v. United States*. 547 F. Supp. 2d 759 (W.D. Ky. 2008). In *Brown*, a national park placed a sign warning of flash floods near a frequented set of natural pools on a hiking trail. At some point, the sign was no longer posted – either removed or fallen from its location.  When the sign was not present, flash flooding caused a tragic fatal accident near the sign's original location. This Court found that the failure to post a warning sign was not due to a policy decision, but rather mere inaction. *Id.* at 764 – 65. Unlike this case, however, "The failure to provide the warning sign was not the product of a broad-based policy decision not to warn visitors of the dangers of flash floods on the upper pools trail. Rather the failure to provide the sign was the result of not replacing one particular warning sign which had been removed." *Id.* at

6

764. Indeed, in *Brown* the park's chief ranger testified in her deposition that she did not know why there was not a warning sign on that portion of the trail. *Id.*

The park in *Brown* decided to place the sign in a certain location, but due to inaction did not replace it. Here, there has never been a guardrail or warning device on the relevant stretch of road. The United States utilized its resources elsewhere instead of installing security measures on a stretch of road that had no previous history of serious accidents. *See* Reply 13, ECF No. 78. Roadside security measures such as these require agencies to balance safety with available resources and economic feasibility. This is a type of decision involving transportation safety and roads that only government entities regularly make. Instead of being a run-of-the-mill tort that is only tangentially related to a government program, this is the kind of conduct that "the discretionary function exception was designed to shield." *Berkovitz*, 486 U.S. at 536.

The Court will grant the United States' motion and will dismiss Plaintiffs' claims for lack of subject matter jurisdiction.

The Court will enter an order in accordance with this opinion.

February 19, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

7