UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DANA DOWELL and LYNN DOWELL                              PLAINTIFFS

    AND

AMERISURE MUTUAL
INSURANCE COMPANY                                          INTERVENING PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:12-CV-00601-CRS

UNITED STATES OF AMERICA                               DEFENDANT

**MEMORANDUM OPINION**

     The Court granted Defendant United States' motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and dismissed Plaintiffs Dana Dowell, Lynn Dowell, and Amerisure Mutual Insurance Company's claims with prejudice. Feb. 22, 2016 Order, ECF No. 81. In doing so, the Court found that the discretionary function exception applies to these claims under the Federal Tort Claims Act. Feb. 22, 2016 Op., ECF No. 80. Dana Dowell and Lynn Dowell (collectively, the "Plaintiffs") now move for reconsideration.

     A motion to reconsider is not the venue to reargue a case. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (finding that a motion to amend or alter judgment "is not an opportunity to re-argue a case"). Plaintiffs presented the same arguments in their current motion in their unsuccessful response to the United States' motion to dismiss. These arguments still lack merit. Neither Army Regulation 420-1 nor the Manual on Uniform Traffic Control Devices for Streets and Highways *mandated* the installation of guardrails or warning devices in this instance. Instead, the installation of such a device is within

1

the government's discretion. Indeed, "Roadside security measures such as these require agencies to balance safety with available resources and economic feasibility. This is a type of decision involving transportation safety and roads that only government entities regularly make." Feb. 22, 2016 Op. 8. The discretionary function exception bars the Plaintiffs' Federal Tort Claims Act claims. The Court will not disturb its previous holding.

Therefore, the Court will deny Plaintiffs' motion to reconsider.

The Court will enter a separate order in accordance with this opinion.

May 25, 2016

Charles R. Simpson III, Senior Judge
United States District Court